Timothy J. Repass, WSBA #38373
  trepass@wshblaw.com
Ashley L. Blackburn, WSBA #49621
  ablackburn@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
Phone 206-204-6800
Fax 206-299-0400
Attorneys for Defendant Steven Holmes

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| M.M., as guardian for her minor daughter, O.M.,<br><br>Plaintiff,<br><br>v.<br><br>TACOMA SCHOOL DISTRICT NO. 10; a public corporation; MEGAN CLARK, individually; SANDRA HOLMES, individually; MELISSA PORTER, individually; STEVEN HOLMES, individually; JANE AND JOHN DOES 1-7,<br><br>Defendants. | Civil Action No. 3:21-cv-05865-LK<br><br>**DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT**<br><br>**JURY DEMAND** |

Defendant Steven Holmes by and through his counsel of record, Wood, Smith, Henning & Berman LLP, hereby answers Plaintiff's Complaint for Civil Rights Violations and Damages ("Complaint") as follows. Unless specifically admitted, all allegations contained in the Complaint are denied; Defendant further expressly denies all allegations against him of wrongdoing of any kind.

## I.    PARTIES

1. <u>Plaintiff O.M.</u>:  Defendant Steven Holmes admits Plaintiff O.M. is a child, denies Plaintiff O.M. was sexually abused while in the custody and care of Defendants, and lacks

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 1
(3:21-cv-05865-LK)

**WOOD, SMITH, HENNING & BERMAN LLP**
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

1  sufficient knowledge as to the remaining allegations contained in paragraph 1 of the Complaint,
2  and therefore denies the same.

3       2.     <u>Defendant Tacoma School District, No.10</u>: Certain allegations in paragraph 2 of
4  the Complaint seek legal conclusions and no response is required. To the extent a response is
5  required to such allegations, Steven Holmes denies. Defendant Steven Holmes admits limited
6  allegations in paragraph 2 of the Complaint, as follows, and denies all other allegations as stated:
7  Defendant Steven Holmes admits that the District operated the schools within the District,
8  including Grant Elementary; the allegations that the District is responsible in all cases for all acts
9  of its agents and employees, and that the District was responsible for all conduct of its agents and
10 employees with respect to attendance of O.M. at school in the District are vague and ambiguous,
11 call for a legal conclusion in part, and further prompt hypotheticals calling for speculation, and
12 Defendant Steven Holmes therefore lacks knowledge and information sufficient to form a belief
13 in the truth of the allegations, and on this basis, denies the same. The allegation that the District
14 had custody of, control of, and supervisory responsibility for Plaintiff O.M. *in loco parentis* calls
15 for legal and factual conclusions that are denied as stated. To the extent this paragraph alleges
16 anything further or different, Defendant Steven Holmes denies the same as stated.

17       3.     <u>Defendant Megan Clark</u>: Defendant Steven Holmes admits limited allegations
18 contained in paragraph 3 of the Complaint as follows, and denies all other or different allegations
19 as stated: Defendant Steven Holmes admits that the District employed Defendant Megan Clark
20 as a classroom teacher in the class in which Plaintiff O.M. was a kindergarten student. The
21 remaining allegations contained in paragraph 3 are not directed at this answering defendant. To
22 the extent an answer is required, Defendant Steven Holmes denies as stated all other allegations
23 contained in paragraph 3.

24       4.     <u>Defendant Sandra Holmes</u>: Defendant Steven Holmes admits limited allegations
25 contained in paragraph 4 of the Complaint as follows, and denies all other or different allegations

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 2
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

as stated: Defendant Steven Holmes admits that the District employed Defendant Sandra Holmes as a classroom teacher in the class in which Plaintiff O.M. was a kindergarten student. The remaining allegations contained in paragraph 4 are not directed at this answering defendant. To the extent an answer is required, Defendant Steven Holmes denies as stated all other allegations contained in paragraph 4.

5. <u>Defendant Melissa Porter</u>: Defendant Steven Holmes admits limited allegations contained in paragraph 5 of the Complaint as follows, and denies all other or different allegations as stated: Defendant Steven Holmes admits that the District employed Defendant Melissa Porter as a school counselor at Grant Elementary. The remaining allegations contained in paragraph 5 are not directed at this answering defendant. To the extent an answer is required, Defendant Steven Holmes denies as stated all other allegations contained in paragraph 5.

6. <u>Defendant Steven Holmes</u>: Defendant Steven Holmes admits limited allegations in paragraph 6 of the Complaint as follows, and denies all other or different allegations as stated: Defendant Steven Holmes admits the allegation that he was, at all times relevant to Plaintiffs' allegations, the principal at Grant Elementary. Defendant further admits that the purposes for hiring Mr. Holmes included—but were not limited to—enforcing District policies, establishing certain building protocols and practices, supervising employees (though not by direct supervision in every case), and changing employment assignments within the constraints of laws, regulations, and the applicable collective bargaining agreements. Defendant denies the allegation that Mr. Holmes had the authority to terminate the employment of District staff at Grant Elementary. Defendant admits that he is not related to Defendant Sandra Holmes. Defendant denies the allegation as stated that Mr. Holmes, in his official capacity or otherwise, was informed that there was an alleged sexually aggressive male student in Sandra Holmes' kindergarten class at any time prior to receiving a phone call from the mother of another student on or about February 7, 2014 alleging the same, and Defendant denies the allegation that he was

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 3
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

1  informed that any such student allegedly presented a clear danger to female kindergarten
2  students, including Plaintiff O.M., at any time prior to the February 7, 2014 parent call
3  referenced herein.  Defendant further denies the allegation that Mr. Holmes learned that Sandra
4  Holmes and Megan Clark allegedly did not have the ability to control the allegedly sexually
5  aggressive male student and/or prevent him from purportedly sexually abusing female students in
6  the class.  Defendant denies that he ignored any risk to O.M.'s safety, and further denies as stated
7  that Mr. Holmes "removed the room 8 teacher" halfway through the school year and "replaced
8  her" with Sandra Holmes; Defendant admits only that Defendant Sandra Holmes returned from
9  leave and that she began teaching again in Classroom 8, her previously assigned classroom.
10 Defendant denies that there was "another classroom" for Sandra Holmes to teach.  Defendant
11 admits that he did not make any reports of probable abuse and/or neglect regarding unproven
12 events at issue in the Complaint in the fall of 2013, and denies that he was made aware of facts
13 which required a mandatory report.  The remainder of this allegation concerning mandatory
14 reporting calls for ultimate issues of fact and law and further calls for speculation, and on this
15 basis, Defendant denies the same.  Defendant further denies as stated and as vague, and as
16 calling for a legal conclusion and ultimate issues of fact, the allegation that there was "sexual
17 abuse…occurring later in the school year."  Defendant further denies the allegation that
18 Defendant Steven Holmes acted with deliberate indifference, and further denies that any alleged
19 failure to act was with deliberate indifference.  Defendant further denies that any alleged act or
20 alleged failure to act by Mr. Holmes proximately resulted in alleged harm to Plaintiff O.M.
21 Defendant admits that Plaintiffs purport to sue Mr. Holmes in his individual capacity for alleged
22 actions under color of state law and notes the allegations call for conclusions of law or fact.  To
23 the extent this paragraph alleges anything further or different, Defendant Steven Holmes denies
24 the same.
25         7.      <u>Defendants Jane and John Does 1-7</u>:  Defendant states in response to the

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 4
(3:21-cv-05865-LK)

**WOOD, SMITH, HENNING & BERMAN LLP**
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

1 allegations contained in paragraph 7 that, because no actual defendant has been identified in this
2 paragraph, Defendant is without sufficient knowledge and information to form a belief in the
3 truth of the allegations, and therefore denies the same.  Defendant also specifically denies the
4 allegation that any District employee engaged in acts and/or omissions of a deliberately
5 indifferent nature, and further denies that any District employee's alleged acts or omissions
6 proximately caused any deprivation of Plaintiffs' civil rights.  To the extent this paragraph
7 alleges anything further or different, Defendant denies the same.

## II.    JURISDICTION AND VENUE

9    8.    <u>Jurisdiction</u>.  Defendant Steven Holmes admits limited allegations contained in
10 paragraph 8 of the Complaint as follows, and denies all other or different allegations as stated:
11 Defendant Steven Holmes admits that Plaintiffs purport to bring this action under the statutory
12 provisions referenced in paragraph 8, and that the Court has subject-matter jurisdiction over
13 claims brought pursuant to those provisions.  Defendant denies any allegation that Plaintiffs are
14 entitled to relief.

15    9.    <u>Venue</u>.  Steven Holmes admits the allegations contained in paragraph 9 of the
16 Complaint.

## III.    FACTS

18    10.    Defendant believes Plaintiff O.M. was born on the date alleged.  Defendant
19 admits the remaining allegations contained in paragraph 10 of the Complaint.

20    11.    Defendant Steven Holmes lacks sufficient knowledge and information to admit or
21 deny the allegations in paragraph 11 of the Complaint and therefore denies the same.

22    12.    Defendant Steven Holmes admits limited allegations in paragraph 12 of the
23 Complaint as follows, and denies all other or different allegations as stated: Defendant admits the
24 allegations in paragraph 12 that Sandra Holmes was assigned to teach kindergarten in Classroom
25 8 for the 2013-2014 school year.  Defendant admits the allegations that Defendant Sandra

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 5
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

Holmes was on leave at the beginning of the school year, but for clarification states that her leave began on August 30, 2013. This answering defendant is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 12, and on this basis, denies the same. Moreover, the remaining allegations of this paragraph concern a defendant other than this answering Defendant, concern allegations that seek to invade the privacy of Sandra Holmes, and further concerns allegations of medical conditions which are subject to an order on motion of a protective order. To the extent this paragraph alleges anything further or different, Defendant denies the same.

13. Defendant Steven Holmes admits limited allegations in paragraph 13 of the Complaint as follows, and denies all other or different allegations as stated: this answering Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning Diane Manley and concerning any knowledge or understanding of Sandra Holmes with respect to Diane Manley. Defendant denies as stated that he "hired" Megan Clark to teach during Ms. Holmes' period of absence, and further denies any suggestion that he had authority to hire teachers on behalf of the District. To the extent this paragraph alleges anything further or different, Defendant denies the same.

14. Defendant Steven Holmes admits limited allegations in paragraph 14 of the Complaint as follows, and denies all other or different allegations as stated: Defendant denies that he offered Megan Clark any contract to teach; Defendant Steven Holmes did not have the authority to contract with teachers. Defendant further states that the contract the District had with Megan Clark was a replacement contract which ran from August 30, 2013 to December 31, 2013 "or until return of Employee on Leave." Defendant denies that he was told Ms. Holmes would not be returning to teach during the 2013-2014 school year. Defendant admits that while Megan Clark was teaching in Classroom 8 in the fall of 2013, her name was placed on the Classroom 8 door; however, Defendant denies that this meant Megan Clark was the permanently

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 6
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

1  assigned teacher to the classroom.  Defendant further denies that "he never told parents that
2  Megan Clark was only a substitute in the Room 8 kindergarten class."  To the extent this
3  paragraph alleges anything further or different, Defendant denies the same.

4      15.    Defendant Steven Holmes lacks knowledge and information sufficient to form a
5  belief in the truth of the allegations contained in paragraph 15 of the Complaint, and on this
6  basis, denies the same.

7      16.    Defendant Steven Holmes denies the allegations contained in paragraph 16 of the
8  Complaint.

9      17.    Defendant Steven Holmes denies the allegations contained in paragraph 17 of the
10 Complaint.

11     18.    Defendant Steven Holmes admits limited allegations in paragraph 18 of the
12 Complaint, as follows, and denies all other allegations as stated: Defendant Steven Holmes
13 admits that in Spring of 2017, a parent communicated concern that a student was touching
14 another student. Defendant Steven Holmes admits that he did not contact CPS about this matter
15 and did not contact the parent because the student who was allegedly touched denied being
16 touched. Defendant Steven Holmes admits the District pursued disciplinary action against him
17 related to this incident. Defendant Steven Holmes denies he concealed childhood sexual abuse of
18 students at any time, denies he concealed allegations of sexual abuse from CPS or any other
19 authorities, and denies he was put on reasonable notice of student sexual activity. To the extent
20 this paragraph alleges anything further or different, Defendant Steven Holmes denies the same.

21     19.    Defendant Steven Holmes admits limited allegations in paragraph 19 of the
22 Complaint, as follows, and denies all other allegations as stated: Defendant Steven Holmes
23 admits that in June of 2014 he was the subject of a District reprimand related to his investigation
24 of students who planned to put a poster on their teacher's door that stated "You are the worst
25 teacher ever." The reprimand related to his process of interviewing students and taking notes.

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 7
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

1  This reprimand had nothing to do with an investigation into any sensitive issue of a sexual
2  nature.  Defendant Steven Holmes denies that in June of 2017 he used improper processes or
3  procedures when investigating the second-hand report of student touching.  To the extent this
4  paragraph alleges anything further or different, Defendant Steven Holmes denies the same.

5       20.     Defendant Steven Holmes admits that O.M. remained in the same kindergarten
6  classroom but denies the remaining allegations contained in paragraph 20 of the Complaint.

7       21.     Defendant Steven Holmes admits limited allegations in paragraph 21 of the
8  Complaint as follows, and denies all other or different allegations as stated: Defendant admits
9  that in late 2013, Defendant Sandra Holmes notified him that she would be returning to the
10 District as a teacher.  Defendant admits that he and Sandra Holmes held transition meetings with
11 parents during the period of December 4-6, 2013, but denies that the purpose of the meetings
12 "was to discuss whether to replace Defendant Megan Clark with Defendant Sandra Holmes."
13 Defendant admits that during one of the transition meetings a parent stated, in sum and
14 substance: Defendant Sandra Holmes was known as being a very poor teacher – "the worst in the
15 school" – and that a "survey of other parents" proved it.  Defendant is without knowledge and
16 information sufficient to form a belief as to the truth of the remaining allegations in paragraph
17 21, and on this basis, denies the same.

18      22.     Defendant Steven Holmes admits limited allegations in paragraph 22 of the
19 Complaint as follows, and denies all other or different allegations as stated: Defendant denies
20 that a "LAP" position was discussed at the transition meetings referenced in paragraph 22.
21 Defendant admits that there was a LAP classroom at Grant Elementary, and that it was a
22 program for students that needed extra help and with smaller class sizes.  Defendant admits that
23 Sandra Holmes was qualified to teach LAP and first grade.  To the extent this paragraph alleges
24 anything further or different, Defendant denies the same.

25      23.     Defendant Steven Holmes admits that Megan Clark was qualified to teach

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 8
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

1  kindergarten, and denies all remaining allegations contained in paragraph 23 of the Complaint.

2      24.    Defendant Steven Holmes denies the allegations contained in paragraph 24 of the Complaint.

    25.    Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the allegations contained in paragraph 25 of the Complaint, and on this basis, denies the same.

    26.    Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the allegations contained in paragraph 26 of the Complaint, and on this basis, denies the same.

    27.    Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the allegations contained in paragraph 27 of the Complaint, and on this basis, denies the same.

    28.    Defendant Steven Holmes denies the allegations contained in paragraph 28 of the Complaint.

    29.    Defendant Steven Holmes denies he concealed the behavior of an allegedly sexually aggressive student from law enforcement or CPS. Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations contained in paragraph 29 of the Complaint, and on this basis, denies the same.

    30.    Defendant Steven Holmes admits the allegation that on January 13, 2014, the mother of a kindergarten student emailed Defendant Sandra Holmes regarding the status of having her child moved to a different classroom due to being "picked on" by one of her classmates. Defendant Steven Holmes further admits that Defendant Sandra Holmes notified him of the mother's complaint. Defendant Steven Holmes denies he concealed sexual abuse from the authorities. Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations contained in paragraph 30 of the

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 9
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

1 Complaint, and on this basis, denies the same.

2     31.    Defendant Steven Holmes admits the allegations contained in paragraph 31 of the Complaint.

    32.    Defendant Steven Holmes admits the allegations made in the first three sentences of paragraph 32 of the Complaint, and lacks knowledge and information sufficient to form a belief in the truth of the allegations contained in the last sentence of paragraph 32 of the Complaint, and on this basis, denies the same.

    33.    Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the allegations contained in paragraph 33 of the Complaint, and on this basis, denies the same.

    34.    Defendant Steven Holmes admits the allegations contained in paragraph 34 of the Complaint.

    35.    Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the allegations contained in paragraph 35 of the Complaint, and on this basis, denies the same.

    36.    Defendant Steven Holmes admits limited allegations in paragraph 36 of the Complaint as follows, and denies all other or different allegations as stated: Defendant admits that he was contacted by the mother of a female student about an alleged incident involving her daughter being inappropriately touched by a male student at school, and admits that Defendant contacted Tacoma Police Department to report the incident. Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the remaining allegations contained in paragraph 36 of the Complaint, and on this basis, denies the same.

    37.    Defendant Steven Holmes admits limited allegations in paragraph 37 of the Complaint as follows, and denies all other or different allegations as stated: Defendant admits he assigned Defendant Sandra Holmes to a LAP position at Grant Elementary School after February

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 10
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

7, 2014, and admits Megan Clark was then reassigned to Classroom 8. Defendant denies all remaining allegations contained in paragraph 37 of the Complaint.

38.  Defendant Steven Holmes denies all allegations contained in paragraph 38 of the Complaint.

39.  Defendant Steven Holmes denies all allegations contained in paragraph 39 of the Complaint.

40.  Defendant Steven Holmes denies all allegations contained in paragraph 40 of the Complaint.

41.  Defendant Steven Holmes lacks knowledge and information sufficient to form a belief in the truth of the allegations contained in paragraph 41 of the Complaint, and on this basis, denies the same.

### IV.    CAUSES OF ACTION

**COUNT I**
**VIOLATION OF CIVIL RIGHTS AS TO SANDRA HOLMES, MEGAN CLARK, STEVEN HOLMES, AND JANE AND JOHN DOES 1-7**
**(42 U.S.C. § 1983)**

42.  <u>Civil Rights Violation – Due Process and Equal Protection.</u>  Defendant Steven Holmes denies all allegations contained in paragraph 42 of the Complaint.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS – *MONELL***
**AS TO THE DISTRICT**
**(42 U.S.C. § 1983)**

43.  <u>Civil Rights Violation – Due Process and Equal Protection.</u>  The allegations contained in paragraph 43 of the Complaint are not directed at this answering defendant. To the extent an answer is required, Defendant Steven Holmes denies as stated all allegations contained in paragraph 43.

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 11
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

## COUNT III
## VIOLATION OF TITLE IX
## AS TO THE DISTRICT
## (20 U.S.C. § 1681, *et seq*.)

44. <u>Title IX.</u>  The allegations contained in paragraph 44 of the Complaint are not directed at this answering defendant.  To the extent an answer is required, Defendant Steven Holmes denies as stated all allegations contained in paragraph 44.

## COUNT IV
## NEGLIGENCE
## AS TO ALL DEFENDANTS
## (Washington Common Law)

45. <u>Negligence.</u>   Defendant Steven Holmes denies all allegations contained in paragraph 45 of the Complaint.

## COUNT V
## COMMON LAW GROSS NEGLIGENCE
## AS TO ALL DEFENDANTS
## (Washington Common Law)

46. <u>Gross Negligence.</u>   Defendant Steven Holmes denies all allegations contained in paragraph 46 of the Complaint.

## COUNT VI
## OUTRAGE
## AS TO ALL DEFENDANTS
## (Washington Common Law)

47. <u>Outrage.</u>  Defendant Steven Holmes denies all allegations contained in paragraph 47 of the Complaint.

### V.     RESERVATION OF RIGHTS

48. <u>Reservation of Rights.</u>  Paragraph 48 does not contain allegations of fact, and therefore no response is required.  To the extent a response is required, Defendant Steven Holmes denies the alleged rights asserted.

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 12
(3:21-cv-05865-LK)

Wood, Smith, Henning & Berman LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

## VI.    JURY DEMAND

49.    <u>Jury Demand.</u>  Paragraph 49 does not contain allegations of fact, and therefore no response is required.

## VII.    PRAYER FOR RELIEF

50.    <u>Relief.</u>  Paragraph 50 does not contain allegations of fact, and therefore no response is required.  To the extent a response is required, Defendant Steven Holmes denies Plaintiffs entitlement to all relief requested in paragraph 50 A-G, inclusive.

## **AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER and without waiving any allegations previously denied and without conceding it has the burden of proof as to any of the stated defenses, Defendant asserts the following affirmative defenses, which will be amended or deleted as information becomes available through the discovery process:

1.    Failure to State a Claim:  The Complaint fails to state a claim for which relief may be granted.

2.    Third-Party Causation:  Damages, if any, sustained by Plaintiff was proximately caused by persons other than Defendant and for whom Defendant has no responsibility, either direct or vicarious.

3.    Segregation of Damages:  Damages, if any, sustained by Plaintiff as a result of conduct by the Defendant must be segregated from those sustained as a result of intentional or unlawful conduct by others.

4.    Failure to Mitigate:  Plaintiff has failed to mitigate damages, if any.

5.    Intentional Conduct of Plaintiff. and Third Party:  The acts alleged in the Complaint were engaged in intentionally and mutually by the two students described in the Complaint.  No sexual "abuse" occurred.

6.    Preexisting Conditions:  Plaintiff's claims are, in whole or in part, due to

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 13
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

conditions that preexisted or are unrelated to the claims alleged against the Defendant in Plaintiff's Complaint.

7. Other Causes: Plaintiff's damages, if any, were proximately caused by an intervening cause which was the superseding cause of the alleged damages.

8. Allocation of Fault: Pursuant to the laws of the State of Washington, Defendant is entitled to an allocation of fault under the determination of proportionate share of entities/individuals causing damages if recovery is sought.

9. Immunity: Plaintiff's claims are barred by immunity, qualified immunity and/or other applicable defenses.

10. Immunity – Steven Holmes: Defendant Steven Holmes is entitled to the defense of qualified immunity.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer by way of adding additional affirmative defenses that may be warranted by discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Steven Holmes prays for judgment as follows:

1. For judgment against the Plaintiff, dismissing Plaintiff's' claims with prejudice and without costs to Defendant; and

2. For such other and further relief as this Court deems proper, just, and equitable.

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 14
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

| | | |
|---|---|---|
| 1 | DATED: February 14, 2022 | WOOD, SMITH, HENNING & BERMAN LLP |

s/ *Timothy J. Repass*
_____

s/ *Ashley L. Blackburn*
_____

Timothy J. Repass, WSBA #38373
Ashley L. Blackburn, WSBA #49621

801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
Phone: 206-204-6800
Email: trepass@wshblaw.com
Email: ablackburn@wshblaw.com
Attorneys for Steven Holmes

---

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 15
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, I electronically filed Defendant Steven Holmes' Answer to Complaint with the Clerk of the Court using the CM/ECF.

I hereby certify that the following have been served via CM/ECF electronic service:

| **PLAINTIFF'S ATTORNEY** | **ATTORNEY FOR SANDRA HOLMES** |
|---|---|
| Darrell L. Cochran | Shannon M. Ragonesi |
| Kevin M. Hastings | Keating Bucklin & McCormack, Inc., PLLC |
| Pfau Cochran Vertetis Amala PLLC | 801 2nd Ave Ste 1210 |
| 911 Pacific Ave., Ste. 200 | Seattle, WA 98104 |
| Tacoma, WA 98402 | Email: sragonesi@kbmlawyers.com |
| Email: darrell@pcvalaw.com | |
| kevin@pcvalaw.com | |

**ATTORNEY FOR TACOMA SCHOOL DISTRICT NO. 10, MEGAN CLARK and MELISSA PORTER**
Mark F. O'Donnell
Aaron Kelley
Preg O'Donnell & Gillett PLLC
901 Fifth Avenue, Suite 3400
Seattle, WA 98164
Email  modonnell@pregodonnell.com
       akelley@pregodonnell.com

DATED this 14th day of February, 2022.

*Renee Faulds*
_____
Renee Faulds, Legal Assistant
rfaulds@wshblaw.com

23210456.1:10961-0005

DEFENDANT STEVEN HOLMES' ANSWER TO COMPLAINT - 16
(3:21-cv-05865-LK)

WOOD, SMITH, HENNING & BERMAN LLP
801 Kirkland Avenue, Suite 100
Kirkland, WA 98033
206-204-6800