UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.M., as guardian for her minor daughter, O.M., <br><br>  Plaintiffs, <br><br> v. <br><br> TACOMA SCHOOL DISTRICT NO. 10, et al., <br><br>  Defendants. | CASE NO. 3:21-CV-05865-LK <br><br> ORDER REGARDING SUPPLEMENTAL BRIEFING |

In its May 4, 2023 Order, the Court requested supplemental briefing on two issues: (1) "[w]hether the previous adoptive parents retain any rights with respect to O.M. that are, or may be, relevant to this suit"; and (2) "[w]hether the adoption proceedings pose any conflict of interest with respect to M.M.'s representation of O.M. in these proceedings." Dkt. No. 49 at 10. The Court further instructed that, to the extent either of these questions could be answered in the affirmative or could not be answered satisfactorily, the parties should also "address whether a guardian ad litem should be appointed to represent O.M. under Rule 17(c)(2)," and whether O.M.'s previous adoptive parents should be given notice and an opportunity to be heard with respect to Defendants'

ORDER REGARDING SUPPLEMENTAL BRIEFING - 1

subpoena or renewed motion to compel. *Id.* at 10–11. The parties have submitted their supplemental briefs and supporting declarations. Dkt. Nos. 52–56.

Having reviewed these submissions, the governing law, and the remainder of the record, the Court is satisfied that O.M.'s previous adoptive parents surrendered their parental rights by executing the proper forms and acknowledgments as prescribed by Georgia law. Dkt. No. 53 at 30–34; *see* Ga. Code Ann. §§ 19-8-5(a), (e)(1), (f) and 19-8-26(c), (g). Thus, neither maintains any parental powers and neither is a proper party to proceedings involving O.M. *See* Ga. Code Ann. § 19-7-1(b)(1), (b)(2); *In re A.C.*, 642 S.E.2d 418, 421–22 (Ga. Ct. App. 2007). These individuals accordingly need not receive notice or an opportunity to be heard on Defendants' subpoena or any renewed motion to compel. Nor, for the same reason, does the Court discern a conflict of interest arising out of the adoption proceedings that would necessitate a Rule 17(c)(2) appointment of a guardian ad litem.

Defendants nonetheless contend that the previous adoptive parents only "conditionally surrendered" their rights and therefore "may retain their right to notice of <u>all</u> legal actions in which O.M. is a party." Dkt. No. 54 at 4 (emphasis original). They point to a provision in the statutory surrender form vesting the surrendering parent or guardian with the option to request return of the child if, as relevant here, the third-party adoption petition "is dismissed with prejudice or otherwise concluded without an order declaring the child to be the adopted child" of the petitioner. Dkt. No. 53 at 30, 32; Ga. Code Ann. § 19-8-26(c); *see* Dkt. No. 54 at 3 (arguing that previous adoptive parents "may well be entitled to have O.M.'s custody returned to them under the terms of the agreement"). But that same provision cabins its application "to the limited circumstance that the child is not adopted" by the third-party petitioner, and makes clear that it "does not impair the validity, absolute finality, or totality of th[e] surrender under any circumstance other than the

failure of the designated person . . . to adopt the child[.]" Dkt. No, 53 at 30, 32; Ga. Code Ann. § 19-8-26(c).

Defendants do not contend that M.M.'s adoption petition was dismissed with prejudice or "otherwise concluded." They instead complain that M.M. "has yet to complete the [adoption] process" and accuse her of "indefinite[ly] suspen[ding]" O.M.'s adoption because the proceedings remain ongoing more than three years after M.M. filed the petition. Dkt. No. 54 at 4; *see also id.* at 5 ("One has to question the pursuit and apparent prioritization of the present litigation when, according to M.M.'s deposition testimony and discovery responses, no active efforts have been made for some time regarding O.M.'s adoption[.]"). But that argument is self-defeating. If the adoption proceedings are ongoing, they have not concluded without an adoption order. Nor has M.M.'s petition been dismissed with prejudice.[1]

Defendants also advance a series of arguments that go far afield of the scope of the Court's request for supplemental briefing. *See, e.g.*, Dkt. No. 54 at 5–8.[2] Although these arguments are to some degree relevant to the Court's general duty "to safeguard the interests of litigants who are minors," *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011), the Court was concerned with the potentially contested adoption proceedings in Georgia state court and any resulting

---

[1] Defendants repeatedly refer to M.M.'s December 2019 adoption petition as "failed" and, as noted, suggest that M.M. has "suspended" or even "abandon[ed]" adoption of O.M. Dkt. No. 54 at 5. But again, there is nothing in the record that suggests the adoption proceedings have in fact failed or been dismissed. The record instead reflects that M.M. "is working to finalize the adoption shortly." Dkt. No. 52 at 4. The portion of M.M.'s deposition touted by Defendants likewise does not demonstrate that "no active efforts have been made for some time regarding O.M.'s adoption[.]" Dkt. No. 54 at 5. M.M. testified that the adoption process is "[s]till ongoing" and "[n]ot finalized" because her attorney "is working with the State of Georgia, who was working with the State of Washington, to get [O.M.'s] adoption subsidy paperwork finalized." Dkt. No. 55-8 at 4. The process has been delayed due to the COVID-19 pandemic and related "backlog." *Id.* The Court is confused as to why Defendants dismiss these efforts as "no evidence of any pursuit of O.M.'s legal adoption[.]" Dkt. No. 54 at 5.

[2] Defendants suggest that M.M.'s late disclosure of the previous adoptive parents' surrender and acknowledgment forms is deserving of Rule 37 sanctions. Dkt. No. 54 at 2, 6. They also ask the Court to strike the current trial date. *Id.* at 1–2. Supplemental briefing is not an appropriate vehicle for requesting such relief. To the extent Defendants seek sanctions against Plaintiffs for discovery violations or wish to modify the current case schedule, they may file motions to that effect.

ORDER REGARDING SUPPLEMENTAL BRIEFING - 3

conflict of interest those proceedings might have posed for M.M.'s representation of O.M. in this suit. Those concerns have now been dispelled. Defendants' arguments are, again, beyond the scope of supplemental briefing, and Plaintiffs have not had an adequate opportunity to address them. And as discussed above, the Court is satisfied that (1) the previous adoptive parents do not retain any rights with respect to O.M. that are relevant to this litigation and (2) the adoption proceedings do not impair M.M.'s ability to represent O.M. in this case.

Dated this 29th day of June, 2023.

*Lauren King*

Lauren King
United States District Judge